## Commonwealth v. Peiren

*E. Leron Keen,* assistant district attorney, and *Solomon Hurwitz,* for Commonwealth.

*William S. Middleton,* for defendant.

HARGEST, P. J., January 31, 1934.—This case comes upon a certiorari to Joseph A. Vogler, alderman of the thirteenth ward of the City of Harrisburg. The defendant excepts to the jurisdiction of the alderman. The defendant was charged with reckless driving upon the public highway known as the Jonestown Road, in Lower Paxton Township, Dauphin County, contrary to the provisions of section 1001(a) of The Vehicle Code of 1929, as amended by the Act of June 22, 1931, P. L. 751. The defendant was fined $10 and costs. At the hearing, it was admitted by the prosecutor and also by his attorney that this prosecution was not brought either in Lower Paxton Township, where the alleged violation occurred, or before the magistrate nearest to the point where it occurred. The defendant appeared at the hearing by his attorney for the purpose of objecting to the jurisdiction. Section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, imposes a fine for reckless driving, and section 1201, as amended, requires informations charging violations of any of the summary provisions of the act to be brought before the nearest available magistrate. In the case of Commonwealth v. Marter, 33 Dauph. 381, we held that this section was unconstitutional because the effect of it was to oust every justice of the peace and alderman, in the city or county, of his jurisdiction, except the one nearest the scene of the accident, and no notice of such limitation was expressed in the title. Thereupon, the act was amended by inserting in the title the words "modifying penalties, and procedure for enforcement", and section 1201 was amended so as to require informations for violation of summary provisions to be brought before "the magistrate nearest to the point where the alleged violation occurred, or a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred". Since this amendment was made, Judge Atlee of the Court of Quarter Sessions of Lancaster County has held, in the case of Commonwealth v. Krall, 18 D. & C. 382, that the title to the amended act is sufficient. Without discussing the question of the title at length, we are inclined

to agree with this conclusion. The title might have been more specific, but it does give notice that it modifies the procedure for enforcement and therefore directs attention to the subject matter of section 1201. The act being constitutional and the case at bar affirmatively showing that its provisions have not been complied with, it follows that the judgment of the alderman must be set aside.

Now, January 31, 1934, exceptions to the jurisdiction of the alderman are sustained, the judgment is reversed, and judgment directed to be entered in favor of the defendant at the costs of the Commonwealth.

From Homer L. Kreider, Harrisburg, Pa.